DRAKE HARDWARE COMPANY, APPELLANT, v. WALL BROTHERS, A CO-PARTNERSHIP. RESPONDENTS.*

Kansas City Court of Appeals. April 30, 1928.

*Corpus Juris-Cyc References: Sales, 35 Cyc, p. 135, n. 21; p. 146, n. 13; p. 147, n. 15, p. 267, n. 26; p. 268, n. 33, 34; p. 566, n. 85; p. 574, n. 83.

*H. A. Wright* for appellant.

*Chas. K. Hart* of counsel.

*Lon R. Owen* for respondent.

BLAND, J.—This suit, which arose in a justice court, is one upon an account. Judgment was asked in the sum of $169.28. In the circuit court a verdict was returned for $53 upon which judgment was entered and plaintiff has appealed, alleging, among other things, that the undisputed evidence shows that it was entitled to a directed verdict, which it offered, for the entire amount sued for.

The facts show that in the spring of 1925 plaintiff, an Iowa corporation, sold to the defendants, a partnership doing business in the city of Marceline, in this State, a bill of goods consisting of 300 spark plugs and some tire rim parts; that said goods were delivered and accepted by the defendants and on June 11, 1925, they paid upon the bill the sum of $30.52, leaving a balance due of $169.28. There is no controversy as to the correctness of these items, the defendant, R. W. Wall, admitted at the trial the same to be correct.

However, his excuse for not paying the balance rests upon the following: That the goods were sold by plaintiff to defendants through the former's .agent, Brown; that defendants were willing to purchase spark plugs but the witness told Brown that he was attempting to sell him too large a quantity; that Brown insisted on his buying such an amount and in order to procure the order agreed to give defendants ample time for the payment of the goods purchased. According to defendants' evidence the agreement was that one-third of the amount was to be paid for in thirty days, one-third in sixty days and one-third in ninety days and if defendants were unable to pay for the goods within this period, they should have even a longer time in which to pay for them. Wall testified that after the goods were purchased "the slump came and about that time the bills came in and I could not pay it, and they kept insisting upon the money;" that on account of the repeated insistence by plaintiff that the bill be paid, when he was unable to pay it, he sent the goods back together with a check for the amount of goods that he had sold "plus ten per cent handling charges." At another place in his testimony the witness stated that the agreement as to the spark plugs was that he was to pay for the same after he sold them.

The evidence shows that plaintiff did insist upon the payment of the balance due upon the bill as early as May 9, 1925, and continued to insist upon its payment and that defendants wrote plaintiff that on account of business conditions they were unable to pay the balance due and offered to give plaintiff a note, which offer was refused; that, finally, on June 6, 1925, defendants shipped to plaintiff by parcel post 250 spark plugs together with some tire rim parts, which goods amounted to $117.10, and thereafter mailed plaintiff a check in the sum of $53.35, marked "payment in full." This check .represented the goods sold by defendants to their customers, together with "ten per cent handling charges." Plaintiff refused to accept these goods and the check, promptly notified defendants of such refusal, and returned the merchandise from the depot at Marceline and at the trial did not know what became of the goods.

At the close of the testimony plaintiff offered an instruction directing a verdict in its favor in the sum of $169.28 with interest from the date of demand for payment of the account, which the court refused. Thereupon plaintiff offered, and the court gave, an instruction telling the jury that before defendants could be allowed any credit on the indebtedness the jury must find that there was either an express agreement with the defendants that they were to send plaintiff the goods which defendants did send plaintiff, and that plaintiff would receive and accept the goods in part payment of the indebtedness or if there was no such agreement, then defendants must prove that plaintiff did accept said goods from defendants and

give credit for their value on the account; that unless defendants proved either of these things, their verdict should be in favor of plaintiff "for whatever sum you believe and find that plaintiff is entitled to."

Defendants have not favored us with a brief and it is difficult to understand upon what theory of law this case can be defended. No pleading was filed by the defendants. It seems apparent to us that the court erred in refusing plaintiff's peremptory instruction. The contract for the goods, their delivery, and the aggreement to pay the amount claimed by plaintiff were admitted at the trial. Defendants' refused instruction would indicate that they were claiming an executed agreement for a partial rescission by plaintiff's accepting back the unsold goods but there is no evidence of this. If defendants rely upon a right to rescind the contract on account of the alleged breach of it on the part of plaintiff in demanding payment for the goods prior to the time payment was due, the defense was not established. The burden of proving rescission was upon the defendants. We think that defendants wholly failed to introduce any testimony tending to show any right on their part to rescind the contract. The agreement that defendants should have thirty, sixty and ninety days in which to pay for the goods, or a longer time if necessary, and that the spark plugs should be paid for after they were sold by defendants did not give defendants an indefinite time after the expiration of ninety days in which to pay for the goods but only prolonged in terms of credit for a reasonable time. [35 Cyc. 267.] We need not go into the question as to whether plaintiff demanded payment of the goods before a reasonable time expired, for the reason that, assuming this to be true, defendants had no right to rescind the contract but should have stood upon their rights under it. [Babcock v. Purcupile, 36 Nebr. 417.] Of course, if the contract had been wholly executory, another question might be presented.

Aside from this, if defendants had a right to rescind the contract, they were required to put plaintiff *in statu quo*. They were not only required to return the unsold goods at the place where they were delivered to them by the plaintiff, but were required to tender the proceeds of the sale of the goods by them. [Bagnall v. Frank Fahr Brewing Co., 221 S. W. 793; 35 Cyc. 146, 147.] And tender of a check as payment for the goods sold, was not a tender of the money as it was not accepted by the plaintiff as such. [35 Cyc. 267, 268.]

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.